## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

RICKY DEAN HARDEE, )

Petitioner, )

v. )

UNITED STATES OF AMERICA, )

Respondent. )

**U. S. DISTRICT COURT - DE**

**MISC. CASE #** $\underline{07-100}$

Case No. _____

### PETITION TO QUASH IRS' SUMMONS

COMES NOW THE PETITIONER, Ricky D. Hardee ("Hardee"), by and through his attorneys, Bernhoft Law Firm, S.C., (Attorney Robert E. Barnes, *pro hac vice* application pending), and respectfully petitions this Court to quash a certain Internal Revenue Service Summons issued by the Department of the Treasury Internal Revenue Service. The Summons seeks records from a Third-Party Recordkeeper regarding internal revenue matters allegedly involving the Petitioner.

### INTRODUCTION

This IRS' summons is unsuited for this court's judicial imprimatur for three independent reasons: first, the summons solely seeks to acquire evidence in support of a criminal prosecution and solicits information in aid of a formal grand jury inquiry already convened in the state of Florida concerning investigation into the entities at issue here; second, the summons perpetuates a consistent pattern of impermissible harassment by the IRS Criminal Investigation Division special agent, who illicitly disclosed to the petitioner's customers, employees and lenders that petitioner is under criminal investigation, in direct violation of 26 U.S.C. § 6103; and third, the special agent apparently failed to make the required summons attestation.

1

## JURISDICTION

The instant Petition is filed pursuant to 26 U.S.C. § 7609(b)(2), and this Court has subject matter jurisdiction over this proceeding under 26 U.S.C. § 7609(h).

## PARTIES

1.    The Petitioner, Ricky D. Hardee ("Hardee"), resides at 4531 Montibello Drive, Charlotte, North Carolina 28226.

2.    The Respondent, United States of America, and its agent, the Department of the Treasury Internal Revenue Service ("IRS"), has its offices at 6635 Executive Circle, Suite 180, Charlotte, North Carolina 28212.

## FACTUAL BACKGROUND

3.    On June 6, 2006, the Internal Revenue Service ("IRS") issued a Summons, a true and correct copy of which is attached to the Declaration of Robert E. Barnes (hereinafter "Barnes Decl.") as Exhibit A filed in support of this Petition, directing MBNA America Bank NA (hereinafter "MBNA"), located at 11000 Samoset Drive, Newark, Delaware, 19713-2111, to appear and produce a multiplicity of records and documents allegedly relating to the petitioner Hardee in an inquiry concerning Hope Masonry.

4.    Hardee was previously subject to a civil collection audit. The Revenue Agent's digitized, computer-entered notes indicated that a "CI Agent" was involved in the case and the Revenue Agent communicated with this "CI Agent". Upon information and belief, this refers to an IRS Criminal Investigation special agent. The relevant section of the Revenue Agent's digitized notes is attached to the Barnes Decl. as Exhibit C.

5.    On November 7, 2006, a revenue agent out of South Carolina issued a summons to Wachovia Bank for records related to Hope Masonry Contractors, seeking information from 1996 to the present.

2

6.      Upon information and belief, the Internal Revenue Service has a formal referral in place against Michael Beiter, the listed agent for Mikva Management & Leasing ("Mikva"), an identified owner of Hope Masonry Contractors, concerning tax and money-laundering allegations against Beiter and others, and the Department of Justice formally authorized a grand jury to investigate in Florida. (Barnes Decl., ¶ 6.)

7.      On November 22, 2006, Hardee petitioned to quash a summons seeking some of the same kind of information the IRS demands herein. *Hardee v. United States*, 3:06-mc-00425 (W.D.N.C.), Doc. 1.

8.      On January 17, 2007, after seeking and receiving an extension to answer, the government summarily withdrew the summons and moved for dismissal on grounds the petition was moot. *Id.*, Doc. 8. The court granted the request on January 18, 2007. *Id.*, Doc. 9.

9.      On or about May 9, 2007, IRS Criminal Investigation Special Agent Ripley informed banks, customers, friends, and others whom the agent knew Hardee relied upon for his business that the petitioner was under criminal investigation. At that time, Special Agent Ripley had not offered Hardee the alternative of providing the records requested herein without any such disclosure. (Barnes Decl., ¶ 7.)

10.     On or about May 9, 2007, Special Agent Robert F. Ripley ("Agent Ripley") delivered the summons, along with nineteen other summonses to various third parties, to Hardee and read Hardee his *Miranda* rights.

11.     Hardee received a summons issued to Hardee as "Custodian of Records" and the request sought, among other things: Know-your-customer (KYC) files or other similar records maintained for *anti-money laundering purposes* . . ." (Attached as Exhibit B to the Barnes Decl.) (emphasis added). Upon information and belief, the information sought herein related to and will be used in aid of the grand jury investigation in Florida.

3

12.    MBNA is a Third-Party Recordkeeper located within this district under 26 U.S.C. § 7603(b)(2)(F).

13.    The MBNA Summons was not apparently attested as required by 26 U.S.C. § 7603(a).

## ALLEGATIONS

14.    Significant evidence reasonably infers that a prosecution referral to the U.S. Department of Justice Tax Division is in effect related to the information sought, or, at a minimum, that the IRS is institutionally committed to making such a referral for prosecution, if not already in effect. This evidence includes the grand jury inquiry in Florida, the "CI Agent" reference in the notes of the revenue agent, the prior summary withdrawal of an earlier summons concerning the same investigation into Hope Masonry from a South Carolina revenue agent, and Special Agent Ripley's continuous communications that the inquiry is for criminal purposes, the sole purpose he has identified to others.

15.    The IRS failed to follow all required administrative and statutory steps by failing to serve the summonsed party with a true and correct copy of the signed and attested summons served upon MBNA, as mandated by 26 U.S.C. §§ 7603 and 7609.

16.    Agent Ripley knowingly violated the confidentiality requirements of Section 6103 of Title 26 of the Internal Revenue Code by illicitly disclosing the petitioner was under criminal investigation to the banks, businesses, and customers the special agent believed the petitioner relied upon for his livelihood.

17.    Additionally, the IRS routinely fails to follow the required administrative steps in a criminal inquiry that predicated the Court's decision in *LaSalle*. Principally, this includes routinely using civil summonses to aid and support a grand jury inquiry, opening a grand jury inquiry without any recommended referral for prosecution in many instances, and denying

4

citizens under inquiry and investigation *Miranda* notices or their administrative conference rights. These are the protocols the IRS assured the Supreme Court they would follow. It was IRS adherence to these protocols that predicated generous use of summonses by criminal investigators while, at the same time, prevented any potential misuse of civil summonses through pursuit of evidence of criminal wrongdoing outside the grand jury process and the rules of criminal procedure. These protocols are infirm and easily evaded under current tax policy administration.

## MEMORANDUM OF LAW IN SUPPORT OF PETITION TO QUASH

The Fourth, Fifth and Sixth Amendments safeguard the rights of the criminally accused from the encroachment of the state. When an agency calls upon the power of the judiciary to coerce disclosures under pain of contempt and circumvent the search warrant protocols and grand jury protections of individuals, the court carefully guards its power of compulsory process against any and all potential misuse or possible abuse. Put simply, "a court may not permit its process to be abused." *See United States v. Powell*, 379 U.S. 48, 58 (1964).

"Congress has provided protection from arbitrary or capricious action by placing the federal courts between the Government and the person summoned." *United States v. Michaud*, 907 F.2d 750, 751 (7th Cir. 1990) (en banc) (quoting *United States v. Bisceglia*, 420 U.S. 141, 151 (1974)). This inter-positional duty and intermediary role requires a court not lend its judicial imprimatur to any administrative summons without a finding of good faith in the agency's conduct and no potential for abuse of the court's process. *See id.* As the Court instructed in *Powell*: "Such an abuse [of process] would take place if the summons had been issued for an improper purpose, such as to harass the taxpayer or put pressure on him to settle a collateral dispute, *or for any purpose reflecting on the good faith of the particular investigation.*" *Powell*, 379 U.S. at 58 (emphasis added).

5

In order to grant enforcement of such a summons, the court must minimally find from all facts that: "[T]he Commissioner to show that the investigation has been conducted pursuant to a legitimate purpose, that the information sought may be relevant to that purpose, that the information was not already within the Commissioner's possession and that the administrative procedures of the Code have been followed." *United States v. Cortese*, 614 F.2d 914, 919 (3rd Cir. 1980) (citing *Powell*, 379 U.S. at 57-58).

A legitimate purpose is information sought and relevant to *civil* tax purposes. *See Cortese*, 614 F.2d at 919 (3rd Cir. 1980). Information is relevant only if it may be probative of the *civil* tax purpose. *See United States v. Richards*, 631 F.2d 341 (4th Cir. 1980) (noting there must be a "realistic expectation" the information sought will be used to "throw light on" the petitioner's civil tax issues). The definition of IRS "possession" of records includes any records the Service can easily access. *See United States v. Theodore*, 479 F.2d 749, 754 (4th Cir. 1973) ("The obligation is upon the Commissioner to demonstrate that the material requested is not within his possession or, that if it is technically within his possession, he has no practical way of obtaining the desired item.") The statutory requirements for issuing a summons include attestation of the summons to protect the party served with its authenticity. *See Henderson v. United States*, 778 F.Supp. 274, 277 (D.S.C. 1991). *But see Kernan v. Internal Revenue Service*, 2007 WL 1288155, *2 (D. Hawai'i) (Slip Copy dated April 30, 2007) (holding that the lack of attestation is an insufficient basis to quash an administrative summons without substantial prejudice) (relying on *Cook v. United States*, 104 F.3d 886, 889 (6th Cir. 1997) (in turn holding that technical violations in serving the summons are only sufficient to quash the summons if prejudice exists)).

Additionally, "the taxpayer may challenge the summons on any appropriate grounds" including any other abuse of the court's process. *United States v. Riewe*, 676 F.2d 418, 420

6

(10th Cir. 1982) (citing *Reisman v. Caplin,* 375 U.S. 440, 449 (1964)); *see also United States v. Jose,* 131 F.3d 1325, 1328 (9th Cir. 1997) (en banc). This is a twin requirement: first, whether the Service is acting in good faith in seeking the information from the summons for a civil purpose without harassment, focusing on the motives of the institution and the individual agent; and second, measuring whether the summons could have the effect of an abuse of process.

To demonstrate good faith, the Service must show it seeks this information to serve their "interest in civil as opposed criminal, remedies." *United States v. Cortese,* 614 F.2d 914, 917 (3rd Cir. 1980). Equally, the Service cannot ask the aid of the court to coerce compulsory process if the agent demonstrates animus or harassment. *Id.* at 921.

Where "the sole objective of the investigation is to obtain evidence for use in a criminal prosecution" then "the purpose of the summons [will] be said to violate the Fourth Amendment and enforcement [of the summons] be denied." *United States v. Theodore,* 479 F.2d 749, 753 (4th Cir. 1973); *see also United States v. Lewis,* 604 F.Supp. 1169 (E.D.La. 1985).

As for preventing the effect of enforcement from abusing the court's process, the court must consider the prophylactic effect on investigative conduct by the agency, public confidence in a court's issuance of process under pain of contempt, and the privacy concerns of the individual. "In terms of protection to the individual, a summons submitted to a court for enforcement is at least equivalent to a search warrant." *United States v. Roundtree,* 420 F.2d 845, 851 (5th Cir. 1970). The district court must "limit the invasion of privacy through the judicial scrutiny to which a summons is subject for its enforcement and through the standards enumerated in *Powell* of legitimate purpose, proper procedure, relevance, and refusal to allow abuse of the courts' process." *Id.* It "would be a misuse of the tax summons for the IRS to endeavor to use it to obtain evidence for use in an existing criminal prosecution." *Id.*

7

The petitioner may stand in the shoes of those not before the court. *See United States v. Equitable Trust Company*, 611 F.2d 492 (4th Cir. 1979) (petitioner "may bring the abuse-of-court-process contention to the District Court's attention and ask the District Court not to ignore the same, even if the abuse complained of involves no violation of any right" of his); *see also United States v. Hamilton Federal Sav. and Loan Ass'n*, 566 F.Supp. 755 (E.D.N.Y.1983).

Discovery is necessary whenever the petitioner must rely on information peculiarly within the knowledge or files of the government. *See United States v. Security Bank & Trust Co.*, 661 F.2d 847, 850 (10th Cir. 1981). Wherever there is an allegation of agent animus or agent harassment then "discovery should be provided." *Cortese*, 614 F.2d at 921, n.12. The same applies to a sufficient allegation of a pending criminal investigation. *See United States v. Genser*, 595 F.2d 146, 152 (3rd Cir. 1979).

The Supreme Court, in fact, presumes the right to discovery prior to any adjudication in summons litigation, notwithstanding the Government's showing on the paper. *Powell*, 379 U.S. at 59. *Powell's* context suggests that after an adequate showing. In *Powell*, the Supreme Court stated: "[t]his [adequate showing by the Government] does not make meaningless *the adversary hearing to which the taxpayer is entitled* before enforcement is ordered." *Id.* (emphasis added). Here, discovery is needed, an evidentiary hearing compelled, and the Summons rightfully quashed for the reasons set out below.

**I.     The Purpose of the Summons is Solely For Criminal Investigatory Purposes in Coordination with an On-Going Grand Jury in Florida, or There is an Institutional Commitment to Refer This Matter to the Department of Justice.**

The Supreme Court first warned in *Reisman v. Caplin*, 375 U.S. 440, 448 (1964):

> Furthermore, we hold that in any of these procedures before either the district judge or United States Commissioner, the witness may challenge the summons on any appropriate ground. This would include, as the circuits have held, the defenses that the material is sought for the improper purpose of obtaining evidence for use in a criminal prosecution.

8

If there is already a referral or grand jury concerning the same entity at issue, then this precludes

summons enforcement. *Michaud*, 907 F.2d at 755. "No summons may be issued . . . with

respect to any person if a Justice Department referral is in effect with respect to such person." 26

U.S.C. § 7602(c)(1). That complete bar is not an open door to misuse civil summonses by

delaying criminal referrals.

> The High Court returned to the same warning a decade later:

> We shall not countenance delay in submitting a recommendation to the Justice
> Department when there is an institutional commitment to make the referral and
> the Service merely would like to gather additional evidence for the prosecution.
> Such a delay would be tantamount to the use of the summons authority after the
> recommendation and would permit the Government to expand its criminal
> discovery rights. Similarly, the good-faith standard will not permit the IRS to
> become an information-gathering agency for other departments, including the
> Department of Justice, regardless of the status of criminal cases.

*United States v. LaSalle Nat'l Bank*, 437 U.S. 298, 316-17 (1978).

> And once again another decade later:

> [T]he IRS may not issue a summons once it has recommended prosecution to the
> Justice Department, nor may it circumvent this requirement by delaying such a
> recommendation in order to gather additional information. When Congress
> codified the essence of our holding in sec. 7602(c) it apparently shared our
> concern about permitting the IRS to encroach upon the rights of potential criminal
> defendants. The Report of the Senate Finance Committee noted that "the
> provision is in no way intended to broaden the Justice Department's right of
> criminal discovery or to infringe on the role of the grand jury as a principal tool of
> criminal prosecution.

*United States v. Stuart*, 489 U.S. 353, 362-63 (1989).

Put simply, "enforcement can and should be denied when the Service is attempting to exploit its

civil investigatory powers as a de facto grand jury." *Michaud*, 907 F.2d at 752.

That is precisely the case here. The summons was issued at the behest of the Charlotte,

North Carolina Field Office of the Internal Revenue Service's Criminal Investigation Division.

*See* Ex. A. The IRS has likely made a criminal referral regarding Hardee to the United States

Department of Justice. "[T]he question whether an investigation has solely criminal purposes must be answered only by an examination of the institutional posture of the IRS." *LaSalle*, 437 U.S. at 316.

Hardee believes that either a referral has been made to the Justice Department or the IRS has made an institutional commitment to seek criminal prosecution based on the following facts: (1) There is already an open grand jury inquiry in Florida into these entities; (2) Hardee was issued *Miranda* warnings by Special Agent Robert F. Ripley, Special Agent Ripley issued a summons to Hardee seeking information related to "money-laundering," and Agent Ripley has focused his public comments concerning the inquiry in documents and statements solely to the criminal purpose of the inquiry; (3) the 2005 Revenue Agent's records indicated that a "CI Agent" (which Hardee believes stands for "IRS Criminal Investigation Special Agent") was involved with the case, and there is no reason for such an extended delay since 2005, except for an institutional commitment to a criminal prosecution already in place; (4) a prior summons concerning these same entities was summarily and suddenly withdrawn upon petitioner's challenge, alleging just such an illicit purpose of that summons only a few months ago; and (5) the two year time period between the end of the civil audit process and the issuance of this summons (and the nineteen other summonses seeking records from other financial institutions around the country), is approximately the time it typically takes for a criminal investigation or a Department of Justice referral to take place.

Alternatively, as *LaSalle*, noted, "the good-faith standard will not permit the IRS to become an information-gathering agency for other departments, including the Department of Justice, *regardless of the status of criminal cases.*" *Id.* at 317 (emphasis added). The information sought here clearly will be "information gathering" for the Department of Justice

10

given the ongoing federal grand jury inquiry into these entities in Florida. This, alone and independently, suffices to quash the summons.

## II.   The Court Should Not Reward the Agent's Violation of Basic Confidential Disclosure Laws Through Enforcement of Any Summons in Violation Thereof.

The court protects its judicial process in order to maintain public confidence in the civil investigative process. When an agent's actions would undermine "whatever reservoir of trust remains in citizen taxpayers" and thereby "discourage the cooperation that might resolve matters in a prompt and satisfactory way," then the court should not lend its aid of its compulsory process. *Groder v. United States*, 816 F.2d 139, 144 (4th Cir. 1987). "In cases where the government's action would be an abuse of process, in whatever context, the court's restrictions are not legal error; rather, they are a wise exercise of control." *United States v. Rockwell*, 897 F.2d 1255, 1261 (3rd Cir. 1990).

Any "governmental bad faith" is exactly the kind of "abuse of judicial process that would lead courts to deny enforcement of a summons." *Groder v. United States*, 816 F.2d 139, 144 (4th Cir. 1987). Violations of basic standards of investigatory conduct can equal such bad faith. *See Conner v. United States*, 434 F.3d 676, 683 (4th Cir. 2006) ("violations of the Internal Revenue Manual are relevant to the bad faith inquiry in this case").

Civil summonses for criminal purposes elude key protections of the grand jury process, including prosecutorial control, judicial oversight, grand juror independence, the secrecy protections of Rule 6(e), and the anonymity of grand jury subpoenas not listing the subject of their inquiry. It was with this in mind that Congress placed strict limits on IRS agents disclosing that someone is under criminal investigation, with no exception provided in the statute for disclosure on civil summonses. *See* 26 U.S.C. § 6103.

An agent may only make such a disclosure provided three requirements are met:

11

(1) the information sought is "with respect to the correct determination of tax, liability for tax, or the amount to be collected or with respect to the enforcement of any other provision of the [Internal Revenue Code]." (2) the information sought is "not otherwise reasonably available"; and (3) it is "necessary to make disclosures of return information in order to obtain the additional information sought."

*Payne v. United States*, 289 F.3d 377, 382 (5th Cir. 2002) (explaining 26 U.S.C. § 6103(k)(6))

(quoting *DiAndre v. United States*, 968 F.2d 1049, 1052 (10th Cir. 1992)).

An agent who discloses the subject matter of the investigation, the target of the

investigation and its criminal character on "administrative summonses and letters to third-

parties" right "on their face that Payne was under criminal investigation" patently violated the

law and such conduct was in evident bad faith. *Payne*, 289 F.3d at 384.

"An agent violates the statute, as well as the Internal Revenue Manual, when he or she

identifies the subject of his or her investigation." *Snider v. United States*, 468 F.3d 500, 507 (8th

Cir. 2006). Such conduct is manifest bad faith:

As mentioned above, the plain language of the statute prohibits the disclosure of both a taxpayer's identity and whether the taxpayer's return was, is being, or will be examined or subject to other investigation, as both forms of information constitute "return information." Therefore, it cannot be said that a reasonable officer would have failed to understand that such a disclosure would violate a clearly established right of the taxpayer.

*Id.* at 508.

The agent here made no effort or attempt to acquire this information from Hardee prior to

issuing summonses, nor other potential sources for such information. Moreover, disclosing the

criminal character of the inquiry is rarely if ever necessary, but Agent Ripley volunteered it early

and often to more than a dozen institutions and individuals, including all three sources of

economic and financial support of the petitioner – customers, workers and lenders.

"Examination of agent motive may be necessary to evaluate the good-faith factors of Powell, for

example, to consider whether a summons was issued to harass." *LaSalle*, 437 U.S. at 316, n.17.

This egregious and unnecessary conduct alone necessitates quashal.

## III. The IRS Failure to Comply with Statutory Requirements.

The IRS failed to comply with the statutory requirements for issuing a third-party "civil" summons. *See* 26 U.S.C. § 7609(a)(1)-(2) and 26 U.S.C. § 7603. The Internal Revenue Code requires that all persons summonsed be served with an attested copy of the Summons. *See id.* The only copy available to Hardee demonstrates an unattested summons. *See* Ex. A. The issuing officer knew how to attest a summons as evidenced by the attested summons issued to Hardee as "Custodian of Records." *See* Ex. B.

"[The] valid purpose for this mandate is to assure the person receiving the summons that what he received was in fact a true copy of the original summons." *See Henderson v. United States*, 778 F.Supp. 274, 277 (D.S.C. 1991).[1] Failure there required quashal, as it does here. *See Henderson*, 778 F.Supp. 274.

## IV. As the IRS No Longer Follows The Referral Process Before Using Grand Juries, Criminal Investigators Should Not Be Allowed the Additional Benefit of Civil Summonses.

"Future cases may well reveal the need to prevent other forms of agency abuse of congressional authority and judicial process." *LaSalle*, 437 U.S. at 318 n. 20. This is such a case.

The Supreme Court, from its inception, interpreted these set of statutes restrictively to avoid "constitutional consideration" that would otherwise arise. *Reisman*, 375 U.S. at 448, n.8. The Court's Constitutional conforming constructions of the past saved the statute from Constitutional challenge. *See Michaud*, 907 F.2d at 755, n.1 (Coffey, concurring) (necessary to limiting interpretation to summons statute preserve constitutionality of statute). Now, the problem is here. The Court's fear was the "likelihood that discovery would be broadened or the

---

[1] As noted above, some courts have determined that attestation is not in and of itself a grounds to quash the summons. *See Kernan*, 2007 WL 1288155 at *2 (relying on *Cook*, 104 F.3d at 889).

role of the grand jury infringed" by criminal investigative use of civil summonses. *LaSalle*, 437

U.S. at 312.

> Nothing in 7602 or its legislative history suggests that Congress intended the
> summons authority to broaden the Justice Department's right of criminal litigation
> discovery or to infringe on the role of the grand jury as a principal tool of criminal
> accusation . . . .

*Id.*

"Only after the officials of at least two layers of review have concurred in the conclusion of the

special agent does the referral to the Department of Justice take place." *Id.* at 315. The Court

further relied upon the protections of the innocent taxpayer from publicly humiliating disclosure

or criminal inquiry, again accepting the assurances of the IRS they would follow protocol.

> It should also be noted that the layers of review provide the taxpayer with
> substantial protection against the hasty or overzealous judgment of the special
> agent. The taxpayer may obtain a conference with the district Intelligence
> Division officials upon request or whenever the chief of the Division determines
> that a conference would be in the best interests of the Government. If prosecution
> has been recommended, the chief notifies the taxpayer of the referral to the
> Regional Counsel.

*Id.* at 315-16.

These extensive administrative rules and regulations governing the criminal referral

process are no longer effectively meaningful. In fact, the Service now routinely discards these

internal rules, convening grand juries without any referral in place, and the taxpayer protections

are as useful as a house without a foundation or a moat without a bridge or the sworn promise of

a candidate for office. With the rationale gone, and the taxpayer protections gone with it, the

Service should not be allowed to augment and supplement their criminal investigative tools with

this court's compulsory process. The Court limited its "prophylactic restraint" to formal

referrals, with other cases decided individually. The goal of not mixing grand juries with civil

summonses by awaiting the referral process depended upon the government's assertions that the

14

agent could not invoke grand jury process without the difficult and full referral process through

the hierarchy of the Internal Revenue Service and the Department of Justice. *See LaSalle*, 437

U.S. at 313-16.

As a sister district court held half a century ago in forewarning:

The Constitution of the United States, the statutes, the traditions of our law, the deep-rooted preferences of our people speak clearly. They recognize the primary and nearly exclusive role of the Grand Jury as the agency of compulsory disclosure. That is the inquisitorial body provided by our fundamental law to subpoena documents required in advance of a criminal trial, and in the preparation of an indictment or its particularization. To encourage the use of administrative subpoenas as a device for compulsory disclosure of testimony to be used in presentments of criminal cases would diminish one of the fundamental guarantees of liberty. Moreover, it would sanction perversion of a statutory power. The power under § 3614 was granted for one purpose, and is now sought to be used in a direction entirely uncontemplated by the lawgivers. The limitations implicit in every grant of power are that it will be used not colorably, but conscientiously for the realization of those specific ends contemplated by the donors of the power.

*United States v. O'Connor*, 118 F.Supp. 248, 250-51 (D. Mass. 1953).

## CONCLUSION

WHEREFORE, for all the foregoing reasons, Hardee respectfully requests: (1) an order

from this Court QUASHING the controversial IRS Summons that exists with regard to the

Third-Party Recordkeeper named above; or alternatively (2) ordering an evidentiary hearing in

this matter to determine whether the Summons was issued in good faith.

Respectfully submitted on this the 25th day of May, 2007.

Bernhoft Law Firm, S.C.
Attorneys for the Petitioner

Robert E. Barnes, Esquire
*Pro Hac Vice* application pending

207 East Buffalo Street, Suite 600
Milwaukee, Wisconsin 53202
(414) 276-3333  telephone
(414) 276-2822  facsimile
rebarnes@bernhoftlaw.com

16



# Summons

In the matter of  Ricky Dean Hardee

Internal Revenue Service (Division): Criminal Investigation

Industry/Area (name or number): Charlotte Field Office

Periods: Individual income taxes for periods ending Dec. 31, 2003, Dec. 31, 2004, Dec. 31, 2005, and Dec. 31, 2006

## The Commissioner of Internal Revenue

To: MBNA America Bank NA

At: Attn: Custodian of Records, 11000 Samoset Drive Newark, DE 19713-2111

You are hereby summoned and required to appear before  Robert F. Ripley, Criminal Investigator/Special Agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attached

**Do not write in this space**

**Business address and telephone number of IRS officer before whom you are to appear:**

6635 Executive Circle Suite 180, Charlotte, NC 28212    Telephone (704) 566-5197

**Place and time for appearance at** 6635 Executive Circle Suite 180, Charlotte, NC 28212

**IRS**

Department of the Treasury
**Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the ___11___ day of ___June___, 2007 at ___9___ o'clock ___a___ m.

Issued under authority of the Internal Revenue Code this ___14___ day of ___May___, 2007
                                                                  (year)                          (year)

_____          Criminal Investigator/Special Agent
Signature of issuing officer                                Title

_____          _____
Signature of approving officer (if applicable)              Title

**Part C — to be given to noticee**

Exhibit A

## ATTACHMENT TO SUMMONS ISSUED TO: MBNA America Bank NA

## FOR THE YEARS: 2003 - 2007

## All records relative to financial transactions with:

Rick D. Hardee, SSN # 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
4531 Montibello Road, Charlotte, NC 28226

Laura I. Hardee, SSN # 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
4531 Montibello Road, Charlotte, NC 28226

Hope Marsonry Contractors, LLC
P.O. Box 471306, Charlotte, NC 28247

RH Sliver Properties

Such records to include but not limited to:

### CREDIT CARD RECORDS:

Including customer's application, signature card, credit or background investigations conducted by the bank, correspondence, monthly billing statements, individual charge invoices, repayment records disclosing the dates, amounts and method (cash or check) of repayment, checks used to make repayments (front and back).

### RECORD FORMAT:

In addition to hard copies, records are requested in the form of magnetic media. Data may be provided in 3 1/2 inch diskettes or compact disks (CDs). ASCII fixed length files are preferred, however, ASCII delimited format is acceptable. A record layout for the data is also requested.

 # **Summons**

In the matter of Ricky Dean Hardee

Internal Revenue Service (Division): Criminal Investigation
Industry/Area (name or number): Charlotte Field Office

Periods: Individual income taxes for periods ending Dec. 31, 2003, Dec. 31, 2004, Dec. 31, 2005, and Dec. 31, 2006

## The Commissioner of Internal Revenue

To: Ricky Dean Hardee: Custodian of Records

At: 4531 Montibello Drive, Charlotte, NC 28226

You are hereby summoned and required to appear before Robert F. Ripley, Criminal Investigator/Special Agent
an officer of the Internal Revenue Service, to give testimony and to bring with you and to produce for examination the following books, records, papers, and other data relating to the tax liability or the collection of the tax liability or for the purpose of inquiring into any offense connected with the administration or enforcement of the internal revenue laws concerning the person identified above for the periods shown.

See attached

### Attestation

I hereby certify that I have examined and compared this copy of the summons with the original and that it is a true and correct copy of the original.

_____
Signature of IRS officer serving the summons

Criminal Investigator/Special Agent
Title

**Business address and telephone number of IRS officer before whom you are to appear:**

6635 Executive Circle Suite 180, Charlotte, NC 28212    Telephone (704) 566-5197

**Place and time for appearance at** 6635 Executive Circle Suite 180, Charlotte, NC 28212

**IRS**

**Department of the Treasury
Internal Revenue Service**

**www.irs.gov**

Form 2039 (Rev. 12-2001)
Catalog Number 21405J

on the _____6_____ day of _JUNE_____, 2007 at _9_ o'clock _A_ m.
Issued under authority of the Internal Revenue Code this _7_ day of _MAY_____, 2007 (year)

_____
Signature of issuing officer

Criminal Investigator/Special Agent
Title

_____
Signature of approving officer (if applicable)

Title

**Part A** - to be given to person summoned

Exhibit B

Attachment To Form 2039
SUMMONS

In the matter of Ricky Dean Hardee, Hope Masonry Contractors, Mikva Management and Leasing, Trans-National Services, and RH Sliver Properties

1. For each bank or other financial account, in any name, whether foreign or domestic, over which you had signature or other authority or which you controlled, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, during the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007, produce all records in your possession, custody or control or to which you have any right of access, including but not limited to:

    a. Account applications
    b. Account holder agreements
    c. Loan applications
    d. Promissory notes
    e. Monthly or periodic bank statements
    f. Passbooks
    g. Certificates of deposit
    h. Cancelled checks
    i. Check registers
    j. Credit and debit memos and advices
    k. Wire transfer authorizations
    l. Letters of credit
    m. Duplicate deposit slips and deposited items
    n. Cashiers checks
    o. Money orders
    p. Safe deposit box rental agreements
    q. Safe deposit box visitation ledgers
    r. All correspondence, including but not limited to, letters, memoranda, telegrams, telexes, e-mail, and letters of instruction
    s. Memorandum files maintained by the bank or other financial institution or any of their officers or employees, reflecting communications between the bank and you or others acting on your behalf, and documenting actions taken pursuant to directions received from you or on your behalf; and reflecting any thoughts or decisions of any person regarding the account
    t. Know-your-customer (KYC) files or other similar records maintained for anti-money laundering purposes, including identification documents such as passports and drivers licenses, certificates of beneficial ownership, letters of reference, and certificates of clean funds or other source of funds documentation.

1

2. Produce copies of all financial statements prepared by or for you or by or for any nonpublicly traded entity, foreign or domestic, in which you held a direct or indirect ownership or beneficial interest or over which you exercised control, either directly or through a nominee, agent, power of attorney, letter of direction, or any device whatsoever, for any purpose during or for the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

3. For each Certificate of Deposit, Time Deposit, or equivalent account at domestic or foreign financial institutions over which you had signature authority or other authority, or over which you exercised control, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, and which was in existence at any time during the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007, produce copies of all statements of certificate of deposit or other records reflecting the purchase or redemption of the certificate, earnings of interest, or other disposition of the certificate. In addition, provide documents verifying the origin of all funds used to open these accounts or deposited to these accounts at any time.

4. For each loan made or obtained by you or on your behalf during the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007 or which was in existence during the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007, produce all documents evidencing the terms and performance of the transaction, including, but not limited to:

    a. Loan applications
    b. Loan agreements and contracts
    c. Loan amortization schedules
    d. Promissory notes
    e. Grant deeds, deeds of trust, mortgages, or other security
    f. Records of receipt or payment of principal and interest

5. Produce all records for the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007 relating to credit, debit or charge cards of which you had the use, issued either in your name or the name of any entity, foreign or domestic, in which you held an ownership or beneficial interest, directly or through any nominee, agent, power of attorney, letter of direction, or any device whatsoever. These records should include, but are not limited to:

    a. Card application
    b. Cardholder agreement
    c. All credit, debit, or charge card issued on the account
    d. Customer relationship records or other similar records identifying persons with signature or other authority over the account
    e. Monthly or periodic charge statements
    f. Charge receipts
    g. Cash advance confirmations
    h. Records of payments or funds transferred to account to pay balances due

6. For each brokerage account, in any name, whether foreign or domestic, over which you had signature, dealer or other authority or which you controlled, either directly or through nominees, agents, powers of attorney, letters of direction, or any device whatsoever, during the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007 produce all records in your possession, custody or control or to which you have any right of access, including but not limited to:

   a. Account applications
   b. Monthly or periodic account statements
   c. Annual account summaries
   d. All correspondence, including but not limited to, letters, memoranda, telegrams, telexes, e-mail, and letters of instruction
   e. Memorandum files maintained by the brokerage firm or any of their officers or employees, reflecting communications between the firm, their officers, or employees and you or others acting on your behalf; documenting actions taken pursuant to directions received from you or on your behalf; and reflecting any thoughts or decisions of any person regarding the account.
   f. Know-your-customer (KYC) files or other similar records maintained for anti-money laundering purposes, including identification documents such as passports and drivers licenses, certificates of beneficial ownership, letters of reference, and certificates of clean funds or other source of funds documentation.

7. Produce all records pertaining to any nontaxable sources of income, such as, but not limited to, proceeds of loans, gifts, inheritances, insurance settlements, tax refunds, or tax-exempt interest, received by you for the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

8. Produce all records relating to any payments in the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007 by or for the benefit of you or any nonpublicly traded entity, foreign or domestic, in which you held a direct or indirect ownership or beneficial interest or over which you exercised control, either directly or through a nominee, agent, power of attorney, letter of direction, or any device whatsoever, for:

   a. Management fees,
   b. Consulting fees,
   c. Research and development fees
   d. Insurance premiums,
   e. Legal fees,
   f. Brokerage fees
   g. Royalties,
   h. Lease or rental fees,
   i. Loan fees,
   j. Interest

3

k. Salaries or wages

These records should include, but are not limited to:

a. Contracts or agreements
b. Invoices
c. Cancelled checks
d. Wire transfers
e. Letters of credit
f. All correspondence

9. Produce all written contracts, agreements, letters, memoranda, notes statements and all other documents for the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007 pertaining to the assignment and transfer of ownership interest in and rights to use of real, personal or intangible property by or for you or your benefit.

10. Produce all books and records for the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007 for any nonpublicly traded entity, foreign or domestic, in which you held a direct or indirect ownership or beneficial interest or over which you exercised control, either directly or through a nominee, agent, power of attorney, letter of direction, or any device whatsoever. These records should include, but are not limited to:

a. General ledgers
b. General journals
c. Sales journals
d. Cash receipts journals
e. Cash disbursements journals
f. Accounts payable journals
g. Payroll journals
h. Sales invoices
i. Purchase invoices
j. Shipping and receiving documents
k. Monthly bank statements
l. Cancelled checks
m. Articles of incorporation
n. Stock record book
o. Minute book
p. Partnership agreements
q. Trust instruments
r. Designations of beneficiaries
s. Designations of trustees
t. Designations of trust protectors
u. Contracts and agreements
v. Records of brokerage or other investment accounts
w. Records of assets and liabilities

4

x. Correspondence files

y. Powers or attorney, letters of wishes, letters or direction, or other similar documents granting authority to agents to act on behalf of the entity

11. Produce copies of all powers of attorney giving you authority to act on behalf of any person or entity, foreign or domestic, during the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

12. Produce copies of any certificates of beneficial ownership, stock certificates, including bearer shares, or other similar evidences of ownership interests owned by you during the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007 with respect to any foreign trust, corporation, international business company, foundation, or similar entity.

13. Produce all passports you used during the year(s) 2001, 2002, 2003, 2004, 2005, 2006, and 2007.

REQUESTOR: ▓▓▓▓▓▓
ICS HISTORY TRANSCRIPT

CASE TIN: ▓▓▓▓▓▓▓▓        CASE NAME: RICKY D HARDEE

Follow up on file.  RO previously sent e-mail to Tech Services Advisor, James
Bolen to assist in researching IRPTRO 8300 issued by DD Ellie Cigmalia in
1999.  James discussed w/CI agent ▓▓▓▓▓▓▓▓▓▓. 

RO received response via e-mail from James on 9-16.  After discussing w/CI,
it was determined that this document was fraudulently prepared and sent by
tp.  IRS did not receive the funds shown on document.  He advises that I
should disregard the document in my investigation.

(b)(3)  6103(e)(7)

Since RO was waiting further info regarding this Form 8300, RO has not made
contact with this tp to date.

Today, RO received a copy of correspondence that was forwarded to Landover by
ATSC.  Correspondence from tp is dated 8-17-04.  Based on IDRS research, it
appears tp was responding to CP 504 issued on 8-9.  This correspondence is
frivolous.  RO will respond accordingly, since this was forwarded to me.
Note: TP's address is in Charlotte, NC, however, postmark on correspondence
shows it was mailed from Irving TX.  Return address is from a business named
Meredith & Associates @ 251 O'Connor Ridge Blvd. Suite 370, Irving, TX 75038.
Conducted brief on-line research of this company.  CPA firm offering variety
of tax services.  RO will research further for confirmation of legitimacy.

Ordered complete transcript for this taxpayer this date.  RO will review and
update info to determine most appropriate next action.

Set follow up for 11-15.

---

  ACT DT: 11/15/2004 SYS DT: 12/09/2004 CONTACT: OTHER   CREATE ID: ▓▓▓▓▓▓
    GENERAL HISTORY

C Hill 1324

Received complete transcript.  Unable to review/analyze at present.   Set
follwo up to review and make contact w/tp no later than 12-15.

---

PAGE  5

2007 MAY 29 AM 9:00

DISTRICT OF DELAWARE
U.S. DISTRICT COURT

Exhibit C

**U. S. DISTRICT COURT - DE**

**MISC. CASE #** _07--100_

JS 44  (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a)  PLAINTIFFS

_Ricky Dean Hardee_

**DEFENDANTS**

_United States of America_

**(b)** County of Residence of First Listed Plaintiff  _Mecklenburg, N.C._
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
_Bernhoft Law Firm, S.C._
_207 E. Buffalo St. Suite 600_
_Milwaukee, WI 53202_

Attorneys (If Known)

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1  U.S. Government Plaintiff | ☒ 3  Federal Question (U.S. Government Not a Party) |
| ☐ 2  U.S. Government Defendant | ☐ 4  Diversity (Indicate Citizenship of Parties in Item III) |

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury - | of Property 21 USC 881 | | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 830 Patent | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | | ☐ 490 Cable/Sat TV |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal | Product Liability | ☐ 730 Labor/Mgmt.Reporting | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | Injury | | & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 791 Empl. Ret. Inc. | or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | **Habeas Corpus:** | Security Act | ☒ 871 IRS—Third Party | ☐ 895 Freedom of Information |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | | 26 USC 7609 | Act |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900Appeal of Fee Determination |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - | ☐ 540 Mandamus & Other | | | Under Equal Access |
| | Employment | ☐ 550 Civil Rights | | | to Justice |
| | ☐ 446 Amer. w/Disabilities - | ☐ 555 Prison Condition | | | ☐ 950 Constitutionality of |
| | Other | | | | State Statutes |
| | ☐ 440 Other Civil Rights | | | | |

## V. ORIGIN   (Place an "X" in One Box Only)

| | | | | | | Appeal to District |
|---|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from another district (specify) | ☐ 6 Multidistrict Litigation | ☐ 7 Judge from Magistrate Judgment |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
_26 U.S.C. § 7609_
Brief description of cause:  _Petition to Quash IRS Summons_

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $  _0_

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

(See instructions):   JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| _5/25/07_ | _(signature)_ |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

THE BERNHOFT LAW FIRM, S.C.                                    Offices in Milwaukee □ Malibu

May 25, 2007

Peter T. Dalleo, Clerk of Court
U.S. Dist. Court for the Dist. of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Wilmington, Delaware 19801

**Via Federal Express**

**U. S. DISTRICT COURT - DE**
**MISC. CASE #** $\underline{O\,7\text{-}/00}$

      **Re:**    **Petition to Quash IRS Summons**

Dear Mr. Dalleo:

      Enclosed for filing please find an original and two copies each of "Petition to Quash IRS Summons" and several supporting documents. Please confirm the fact of filing by file-stamping the enclosed extra copies of each set of documents and return them to our office in the postage-paid envelope provided. Thank you for your assistance, and if you have any questions or require additional information, please correspond with me at any of the contact points above.

                    Sincerely,

                    Robert E. Barnes
                    Attorney and Counselor at Law

cc:    Special Agent Robert F. Ripley
       MBNA America Bank NA
       U.S. Attorney Colm F. Connolly
       Attorney General Alberto Gonzales
       Ricky Dean Hardee

1