IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RICKY DEAN HARDEE, ) | U. S. DISTRICT COURT - DE |
| ) | MISC. CASE # 07-100 |
| Petitioner, ) | |
| v. ) | Civil Action No. |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

### MOTION TO WAIVE REQUIREMENTS OF LOCAL RULE 83.5(d)

COMES NOW THE PETITIONER, Rickey Dean Hardee, ("Hardee") by and through his attorneys, The Bernhoft Law Firm, S.C., (Attorney Robert E. Barnes, *pro hac vice* application pending), and respectfully moves this Court to waive the requirements of Local Rule 83.5(d).

First, the Bernhoft Law Firm focuses its legal representation in federal civil and criminal tax matters and is intimately familiar with the rules and laws governing these proceedings. Counsel has been admitted to practice in three separate state jurisdictions, admitted before Federal Circuit Courts of Appeals across the country, and admitted *pro hac vice*, for civil summons and criminal tax litigation, in federal courts from Maine to Washington, Florida to California. Counsel understands and will abide all local rules and protocols.

Second, the cost to Hardee is significant and substantial without waiver of these rules. Hardee has been served with twenty summonses, eighteen of which he is petitioning to quash. A federal district court only has jurisdiction to entertain a petition to quash in the district wherein the third-party record-keeper resides. *See* 26 U.S.C. § 7609(h). The eighteen record-keepers are found in fourteen different federal district courts. If Hardee had to obtain local counsel for each,

1

he would be required to retain an additional fourteen lawyers in fourteen separate legal actions. Therefore, the cost of locating counsel in fourteen districts would be unnecessarily burdensome.

Finally, summons litigation is usually expeditious, with modest discovery and a single evidentiary hearing, procuring local counsel would complicate and burden the litigation, not mitigate and minimize it.

With counsel familiar with and experienced in this special subject matter, the substantial costs of obtaining local counsel, and without the risk of protracted litigation, good cause exists to waive the formal requirements of Local Rule 83.5(d).

WHEREFORE, for all the foregoing reasons, the Petitioner, Ricky Dean Hardee, respectfully requests an order from this Court waiving the requirements of Local Rule 83.5(d).

Respectfully submitted on this the 25th day of May, 2007.

>                           Bernhoft Law Firm, S.C.
>                           Attorneys for the Petitioner
>
>                           _____
>                           Robert E. Barnes, Esquire
>                           *Pro Hac Vice* Counsel
>
>                           207 East Buffalo Street, Suite 600
>                           Milwaukee, Wisconsin 53202
>                           (414) 276-3333  telephone
>                           (414) 276-2822  facsimile
>                           rebarnes@bernhoftlaw.com